UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER S. JOHNSON, | ) |
| Plaintiff, | ) CASE NO.   C05-1874RSL-MJB |
| v. | ) |
| GQ MAGAZINE, *el al.*, | ) ORDER DENYING PETITIONER'S |
| Defendants. | ) APPLICATION TO PROCEED |
| | ) *IN FORMA PAUPERIS* |

Plaintiff is a state prisoner who is currently incarcerated at the Special Offender Unit of the Monroe Correctional Complex in Monroe, Washington. He has filed a civil rights action under 42 U.S.C. § 1983 in which he alleges that an employee of GQ magazine and an employee at the Stafford Creek Corrections Center ("SCCC") conspired to discontinue plaintiff's five year prepaid subscription to GQ magazine without compensation.[1] Plaintiff also complains that the GQ employee revealed plaintiff's confidential account information to the SCCC employee. Plaintiff identifies as defendants in this action GQ magazine, GQ magazine receptionist Ammanda, and SCCC Counselor Phillip Bowers.

The Court, having reviewed plaintiff's complaint, and his application to proceed with this action *in forma pauperis*, does hereby find and ORDER as follows:

(1)   A review of plaintiff's prior litigation in federal court reveals that plaintiff has had three

---

[1] Plaintiff originally filed this action in the United States District Court for the Southern District of Iowa. However, that court concluded that venue was not proper in the Southern District of Iowa and therefore transferred the action to this district.

ORDER DENYING APPLICATION
TO PROCEED *IN FORMA PAUPERIS*
PAGE - 1

lawsuits dismissed pursuant to 28 U.S.C. § 1915(g):[2] *Johnson v. Phipps, et al.*, Case No. C04-5190-RJB, *Johnson v. Washington Dep't of Corrections, et al.*, Case No. C05-5086-RBL, and *Johnson v. Reichert, et al.*, Case No. C02-674-JCC.[3]  Thus, plaintiff's IFP application is barred by § 1915(g) unless he can show that he meets the exception provided by that rule, *i.e.*, he can show that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Plaintiff does not allege in his complaint that he "is under imminent danger of serious physical injury."  Moreover, the facts alleged in the complaint would support no such assertion.

(2)   Accordingly, plaintiff's application to proceed *in forma pauperis* is DENIED pursuant to 28 U.S.C. §1915(g).  Plaintiff shall pay the filing fee ($250.00) to the Clerk within 30 days from the date of this Order or the case shall be dismissed.

(3)   The Clerk is directed to send copies of this Order to plaintiff and to Judge Benton.

DATED this 16th day of November, 2005.

Robert S. Lasnik
United States District Judge

Recommended for Entry

---

[2] Section 1915(g) was enacted as part of the 1996 Amendments to the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321, § 804(d) ("PLRA") and provides that:

> In no event shall a prisoner bring a civil action or appeal . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

[3] Using the framework provided by the Ninth Circuit in *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005), the Court found that plaintiff had accumulated three strikes in an Order entered in a previous case.  (*See* Case No. C05-748-MJP-JPD, Dkt. No. 10).

1 | this 15th day of November, 2005

2

3 | /s/Monica J. Benton
MONICA J. BENTON
4 | United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING APPLICATION
TO PROCEED *IN FORMA PAUPERIS*
PAGE - 3